Filed 12/30/20  P. v. Estrella CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>DANIEL ESTRELLA,<br><br>     Defendant and Appellant. | A160443<br><br>(Alameda County Super. Ct.<br>No. 176410) |

Defendant Daniel Estrella filed a petition to vacate his second degree murder conviction and for resentencing pursuant to Penal Code section 1170.95,[1] and requested appointment of counsel to assist him in the resentencing process.  Section 1170.95 was added to the Penal Code as part of a statutory scheme created by Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437), which amended the felony-murder rule and natural and probable consequences doctrine.  Without appointing counsel, the trial court summarily denied defendant's petition, finding he failed to make a prima facie showing that he was eligible for relief.  Defendant appeals, contending the trial court erred in looking beyond the face of his petition when it found he had not made a prima facie showing and in denying his request for counsel.  We conclude the trial court did not err, and we affirm.

---

[1] All statutory references are to the Penal Code.

## BACKGROUND

Defendant was charged with murder (§ 187, subd. (a)) and being a felon in possession of a firearm (§ 29800, subd. (a)(1)). He was sentenced to 15 years to life in prison after he pleaded no contest to second degree murder.

On March 10, 2020, defendant filed a pro se petition for resentencing pursuant to section 1170.95. On the form petition, he checked the boxes declaring the following: "A complaint, information, or indictment was filed against me that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine."; "I pled guilty or no contest to 1st or 2nd degree murder in lieu of going to trial because I believed I could have been convicted of 1st or 2nd degree murder at trial pursuant to the felony murder rule or the natural and probable consequences doctrine."; "I could not now be convicted of 1st or 2nd degree murder because of changes made to Penal Code §§ 188 and 189, effective January 1, 2019."; and "I was convicted of 2nd degree murder under the natural and probably consequences doctrine or under the 2nd degree felony murder doctrine and I could not now be convicted of murder because of changes to Penal Code § 188, effective January 1, 2019." Defendant requested the appointment of counsel for the resentencing process.[2]

Six days after defendant filed his petition, the trial court entered an order denying it. The order provided this brief summary of defendant's offense, which the court derived from the probation report and the reporter's transcript of the preliminary hearing[3]:

---

[2] Defendant also filed a concurrent petition for writ of habeas corpus seeking resentencing based on Senate Bill 1437 and the vacating of assessments, fees, and fines pursuant to *People v. Dueñas* (2019) 30 Cal.App.5th 1157.

[3] The court also took judicial notice of "the court file."

2

"On July 31, 2014, Jane Doe testified she was pushing her small child in a stroller and walking with her boyfriend, John Doe, on International Boulevard in Oakland when they noticed a Lexus vehicle drive past them. When the Lexus passed them a second time, John Doe threw a rock at it. The Lexus continued traveling but returned a third time. Jane Doe recognized the driver as the person she knew as 'Adrian,' who was later identified as Petitioner. Petitioner was still driving down the street when he fired a single shot from a silver-colored gun with his right hand. John Doe fell to the ground but got up and ran around the corner. Jane Doe followed and found John Doe leaning over a vehicle while covered in blood. It was only then that Jane Doe realized John Doe had been shot. Investigators interviewed Jane Doe on the day of the shooting. In her statement she omitted the rock throwing by John Doe and failed to inform investigators that she knew the identity of the shooter but she did provide his physical description. Jane Doe later stated that she was afraid to identify Petitioner because he shot John Doe in her presence and Petitioner had visited her residence about five times to pick up one of her relatives so he knew where she lived. Jane Doe positively identified Petitioner in a photo line-up.

"In 2016, Petitioner was convicted, by plea, of second degree murder (Pen. Code, § 187, subd. (a)). Pursuant to the negotiated disposition, Petitioner was sentenced to a term of 15 years to life."

There followed a discussion of the history of Senate Bill 1437 and the changes it effected to California's felony-murder rule and natural and probable consequences doctrine. The order then concluded with this:

"The Petition is denied because relief under Penal Code section 1170.95 is unavailable because Petitioner was not charged with or convicted of murder under a felony-murder or aider and abettor natural and probable

3

consequences theory. (Pen. Code, § 1170.95, subd. (a).) Rather, Petitioner could still be convicted of murder even after the changes to Penal Code sections 188 and 189. (Pen. Code, § 1170.95, subd. (a)(3).) Even if Petitioner was charged with murder under a felony-murder theory, relief under Penal Code section 1170.95 would be unavailable as Petitioner was the actual killer. (Pen. Code, § 189, subd. (e)(1).)

"Accordingly, Petitioner was convicted on a valid theory of murder which survives the changes to Penal Code sections 188 and 189 made by [Senate Bill] 1437. (Pen. Code, §§ 1170.95, subd. (a)(3), 189, subd. (a).) Therefore, the Petition is DENIED for failure to make a prima facie showing that Petitioner is entitled to relief or falls within the provisions of Penal Code section 1170.95. (Pen. Code, § 1170.95, subd. (c).)"

The order also stated that "[b]ecause Petitioner has failed to make a prima facie showing, counsel was not appointed to represent Petitioner and the District Attorney did not participate in this Petition. (See *People v. Lewis* (2020) 43 Cal.App.5th 1128, 1140 ['In sum, the trial court's duty to appoint counsel does not arise unless and until the court makes the threshold determination that petitioner "falls within the provisions" of the statute']; *People v. Cornelius* (2020) 44 Cal.App.5th 54, 58 [where a petitioner is 'indisputably ineligible for relief,' trial court has no obligation to appoint counsel pursuant to Penal Code section 1170.95, subdivision (c)]; *People v. Verdugo* (2020) 44 Cal.App.5th 320, 332–333 [defendant not entitled to appointment of counsel before trial court conducted its initial prima facie review of whether defendant was encompassed within Penal Code section 1170.95].)"

Defendant filed a timely notice of appeal.

4

## DISCUSSION

**Senate Bill 1437**

Enacted in 2018, Senate Bill 1437 amended the definition of murder in sections 188 and 189 to reduce the scope of the felony-murder rule and the natural and probable consequences doctrine. (Stats. 2018, ch. 1015, §§ 2-3.) Specifically, it was enacted to " 'ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' (Stats. 2018, ch. 1015, § 1, subd. (f).)" (*People v. Martinez* (2019) 31 Cal.App.5th 719, 723; see § 189, subd. (e), as amended by Stats. 2018, ch. 1015, § 3, p. 92.)

Senate Bill 1437 also added section 1170.95 to the Penal Code, creating a mechanism by which a defendant who was convicted of felony murder or murder under a natural and probable consequences theory may seek to have his or her conviction vacated and be resentenced on any remaining counts. (§ 1170.95, subd. (a), added by Stats. 2018, ch. 1015, § 4, p. 830.) Such a defendant may petition the sentencing court to have his or her conviction vacated if the following three conditions are satisfied:

"(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine.

"(2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder.

"(3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a).)

5

A petition for relief must include: "(A) A declaration by the petitioner that he or she is eligible for relief under this section, based on all the requirements of subdivision (a). [¶] (B) The superior court case number and year of the petitioner's conviction. [¶] (C) Whether the petitioner requests the appointment of counsel." (§ 1170.95, subd. (b)(1).)

If the petition contains all of the requirement information, "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor response is served. These deadlines shall be extended for good cause. If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause." (§ 1170.95, subd. (c), added by Stats. 2018, ch. 1015, § 4, p. 830.) After issuing an order to show cause, the court must then hold an evidentiary hearing to determine whether the petitioner is entitled to relief. (*Id.*, subd. (d), added by Stats. 2018, ch. 1015, § 4, p. 830.)

### The Trial Court Did Not Err in Looking Beyond the Four Corners of Defendant's Petition and Declining to Appoint Counsel

Defendant articulates his challenge to the denial of his petition requesting resentencing pursuant to section 1170.95 as follows: "[T]he trial court erred by relying on the Superior Court's case file and examining the record of Mr. Estrella's underlying criminal conviction in ruling that Estrella failed to make a prima facie showing that he is entitled to relief under section 1170.95. Instead, at this preliminary juncture of the proceedings, prior to appointing counsel, the statute requires the trial court to limit its review to

6

the face of Estrella's petition." He asserts four grounds purportedly supporting his theory: (1) the plain language of section 1170.95, subdivision (c) limits the court to the face of the petition in evaluating whether defendant has made the initial prima facie showing; (2) if the statutory language is unclear, section 1170.95 is a remedial statute and, as such, should be liberally construed to extend the remedy of the statute " 'for the benefit of those it is intended to protect' "; (3) the statute requires appointment of counsel and an opportunity for briefing once defendant makes a prima facie showing, and by requiring counsel before the court considers "defendant's record of conviction, the Legislature struck an appropriate and reasonable balance between the right to counsel and considerations of judicial economy"; and (4) it violated his state and federal constitutional rights to due process and to the assistance of counsel for the trial court to consider his record of conviction prior to the appointment of counsel.

Numerous Courts of Appeal have considered defendant's arguments and have rejected them. (See *People v. Tarkington* (2020) 49 Cal.App.5th 892, 896, review granted Aug. 12, 2020, S263219; *People v. Lee* (2020) 49 Cal.App.5th 254, 260, review granted July 15, 2020, S262459; *People v. Edwards* (2020) 48 Cal.App.5th 666, review granted July 8, 2020, S262481; *People v. Torres* (2020) 46 Cal.App.5th 1168, review granted June 24, 2020, S262011; *People v. Verdugo*, *supra*, 44 Cal.App.5th 320, review granted Mar. 18, 2020, S260493; *People v. Cornelius*, *supra*, 44 Cal.App.5th 54, review granted Mar. 18, 2020, S260410; *People v. Lewis*, *supra*, 43 Cal.App.5th 1128, review granted Mar. 18, 2020, S260598.) The holdings of these courts are typified by that in *Verdugo*, which, following a thorough analysis of the statutory language and legislative history, concluded: "[T]he relevant statutory language, viewed in context, makes plain the Legislature's intent to

permit the sentencing court, before counsel must be appointed, to examine readily available portions of the record of conviction to determine whether a prima facie showing has been made that the petitioner falls within the provisions of section 1170.95—that is, a prima facie showing the petitioner may be eligible for relief because he or she could not be convicted of first or second degree murder following the changes made by Senate Bill 1437 to the definition of murder in sections 188 and 189." (*Verdugo*, at p. 323.)

A leading practice guide on California sentencing endorses this holding, providing, among others, this rationale, which we find quite apt:  "It would be a gross misuse of judicial resources to require the issuance of an order to show cause or even appointment of counsel based solely on the allegations of the petition, which frequently are erroneous, when even a cursory review of the court file would show as a matter of law that the petitioner is not eligible for relief."  (Couzens et al., Sentencing California Crimes (The Rutter Group 2019) § 23:51, pp. 23-150 to 23-151.)  We agree with this sentiment, as there is nothing to indicate the Legislature intended section 1170.95 to reward artful pleading that is easily shown to be demonstrably false.

We recognize that our colleagues in Division One reached a contrary result in *People v. Cooper* (2020) 54 Cal.App.5th 106, 112, review granted Nov. 10, 2020, S264684, where they held that "when a petitioner files a facially sufficient petition requesting counsel . . . , the trial court must appoint counsel and give the parties an opportunity to submit briefing before denying the petition."[4]  With all due respect, we cannot adopt this result

---

[4] *People v. Cooper*, *supra*, 54 Cal.App.5th 106 was filed after defendant filed his opening brief.  It was, however, filed before the People filed their respondent's brief and defendant his reply brief, yet neither party mentioned it.  We find this omission curious, especially as to defendant, since it agrees with the very argument he makes here.

8

ourselves, as we disagree the Legislature intended to permit, let alone mandate, such pointless inefficiency and waste that will necessarily follow from the outcome reached in *Cooper*.[5]

As defendant acknowledges, his arguments are currently pending before our Supreme Court in *People v. Lewis, supra*, 43 Cal.App.5th 1128, in which review has been granted of the following issues: "(1) May superior courts consider the record of conviction in determining whether a defendant has made a prima facie showing of eligibility for relief under Penal Code section 1170.95? (2) When does the right to appointed counsel arise under Penal Code section 1170.95, subdivision (c)?" In light of this, we believe there is no genuine purpose in exploring the issues at greater length. It is sufficient for present purposes to hold, pending a contrary decision by our Supreme Court, that we agree with those Courts of Appeal that have concluded that section 1170.95 permits the trial court to look beyond the four corners of the petition in evaluating whether defendant has made a prima facie showing that he is entitled to relief under section 1170.95 and that the court need not appoint counsel until and unless defendant has made this prima facie showing.

## DISPOSITION

The order denying the petition for resentencing is affirmed.

---

[5] By way of illustration to the setting here, the court's recitation of the facts, facts to which defendant does not take issue, reveal that defendant was the actual shooter—indeed, no one else was involved in the crime. So if *Cooper* were the law, counsel would be appointed, he or she would spend however much time and money reviewing the record, and then what? What would counsel say? And how would it avail defendant?

9

_____

Richman, J.

We concur:

_____

Kline, P.J.

_____

Stewart, J.

*People v. Estrella* (A160443)

10